IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Marvin D. Perry, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv354 (AJT/IDD) |
| | ) | |
| Director, Virginia Department of | ) | |
| Corrections, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Marvin D. Perry, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of malicious wounding and other offenses in the Circuit Court for the City of Portsmouth, Virginia. On May 17, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Perry was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice.

### I. Background

On April 16, 2008, following a bench trial, Perry was convicted of malicious wounding, attempted malicious wounding, and two counts of unlawful use of a firearm, and received a sentence of 23 years incarceration with 15 years suspended. Case No. CR05002670 - 01 through -05. The facts underlying the convictions were described by the Court of Appeals of Virginia as follow:

> Appellant and LaKeisha Perry maintained a romantic relationship for

1

> over thirteen years. At one time, they were married and eventually had two children together. However, their relationship had dissolved. After separating, appellant nonetheless maintained a key to the former martial home but he lived with his grandmother.
>
> On May 27, 2005, appellant tried to reach Mrs. Perry in order to make arrangements to drop off a Play Station II for one of their sons. Mrs. Perry did not own a cell phone and had given appellant the number of Crystal Murphy (her cousin) in order to reach her. Ms. Murphy testified appellant had consistently tried to get in touch with Mrs. Perry. When appellant could not reach Mrs. Perry, he decided to go to the former marital home. Events occurring at the marital home while appellant was present scared the children enough for them to call Ms. Murphy. By the time Ms. Murphy, Mrs. Perry, Rodney Stukes, and Horace Henry arrived at the former marital home, appellant was no longer present.
>
> According to Ms. Murphy's testimony at trial, appellant asked to speak with her upon returning to the marital home. 'Heated words' were exchanged between the two. Mr. Stukes and Mr. Henry were behind Ms. Murphy during the exchanging of words. Ms. Murphy testified that 'all of a sudden, out of his back pocket ... [appellant] came up shooting.' Appellant fired the gun several times. One bullet struck and lodged into the hand of Mr. Henry. Then, Mr. Stukes and Mr. Henry proceeded to run after the appellant but soon relinquished the chase when Mr. Henry's hand began to bleed profusely. Mr. Henry similarly testified to these events with slight variations concerning the number of phone calls received, positions of persons on the street, and actually viewing the firearm in appellant's possession.
>
> Vergie Dawson also testified at trial. She stated the appellant, her son-in-law, contacted her by phone shortly after the incident. According to Mrs. Dawson, appellant confessed to being present and shooting the victim. Appellant vehemently denied any such conversation ever took place.

Perry v. Commonwealth, R. No. 0978-08-1 (Va. Ct. App. Oct. 9, 2008); Resp. Ex. 1.

Perry appealed his conviction to the Court of Appeals of Virginia, raising claims that the evidence was insufficient to sustain the convictions and that his rights under the Fifth

Amendment were violated when the prosecution was allowed to question his contact with police about the offenses. The appeal was refused by a single judge on October 9, 2008, id., and by a three-judge panel on February 10, 2009. Resp. Ex. 2. Perry's attempt to seek further review by the Supreme Court of Virginia was refused on June 24, 2009. Perry v. Commonwealth, R. No. 090445 (Va. June 24, 2009); Resp. Ex. 5.

Perry next filed a petition for a state writ of habeas corpus in the trial court, raising the same multiple claims of trial error and ineffective assistance of counsel he makes in this federal proceeding. In an Order dated April 27, 2010, the court denied and dismissed the petition. Resp. Ex. 7. Perry sought review of that result by the Supreme Court of Virginia, but his petition for appeal was refused on January 31, 2011. Perry v. Dir., Dep't of Corr., R. No. 101436 (Va. Jan. 31, 2011); Resp. Ex. 9.

Perry then turned to the federal forum and timely filed this application for § 2254 relief on March 28, 2011, raising the following claims:

1. He received ineffective assistance of counsel when his attorney failed to:

   a. Properly impeach certain witnesses;

   b. Subpoena a material witness for trial;

   c. Subpoena cell phone records;

   d. Protect his right to a speedy trial;

   e. Object to prosecutorial misconduct; and

   f. Raise a due process claim when the prosecutor asked petitioner if he had made a statement to the police.

3

  2. The trial court erred by:

    a. Finding the evidence sufficient to sustain the convictions; and

    b. Allowing the admission of evidence that petitioner had not made a statement to the police.

As noted above, respondent has filed a Rule 5 Answer to the petition, as well as a Motion to Dismiss Perry's claims with a supporting brief and exhibits. (Docket ## 6 - 8) Perry was provided with the notice required by Roseboro and Local Rule 7(K), and opted to filed no reply. Respondent acknowledges that the claims raised in this petition were exhausted in the state forum.[1] Accordingly, this matter is now ripe for disposition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

---

[1] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

#### A. Ineffective Assistance of Counsel

In his first, compound claim, Perry argues that he received ineffective assistance of trial counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000)

5

(reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In its Order denying and dismissing Perry's state habeas corpus petition, the trial court expressly found that Perry had "shown no error or prejudice in the alleged failures of her [sic] attorney to impeach witnesses, subpoena witnesses or phone records, protect petitioner's right to a speedy trial, object to alleged prosecutorial misconduct or to raise a Due Process claim about questioning with respect to petitioner's failure to make a statement to the police." Resp. Ex. 7 at 2. Because the trial court's order was the last reasoned state court decision on the claims at issue,

6

its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In his first subclaim, Perry asserts that he received ineffective assistance when his attorney failed to impeach Crystal Murphy and Horace Henry with the alleged fact that both were either on probation or parole at the time of trial. Pet. Brief. at 6. Perry faults counsel for failing to bring to the court's attention the alleged fact that Henry had been incarcerated in Maryland for a crime of moral turpitude during pretrial proceedings, and Murphy was on supervised probation and had "clear animosities" toward Perry because he was divorced from her cousin. Id. at 6 - 7. However, contrary to petitioner's supposition, a party may impeach a witness' credibility only by showing the fact and number of prior felony convictions, but not by inquiring as to the nature of the offenses. Able v. Commonwealth, 16 Va. App. 542, 546, 431 S.E.2d 337, 339 (1993). Moreover, only a conviction, and not the revocation of probation, may be used to impeach a witness. Willis v. Commonwealth, 1996 WL 191109 at *2 (Va. App. Apr. 23, 1996). Here, then, counsel could not have elicited information from Henry and Murphy regarding whether they had committed crimes involving moral turpitude. Further, the record reveals that defense counsel thoroughly cross-examined both Murphy, Tr. 2/13/08 at 33 - 41, and Henry, id. at 56 - 73, and the law is clear that the manner of cross-examination is a tactical choice that is left to the discretion of the attorney. Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978), cert. denied, 441 U.S. 911 (1979). Here, then, Perry fails to demonstrate a reasonable probability that the outcome of his bench trial would have been different had counsel inquired of the first two witnesses whether they had previous convictions, so the state courts' rejection of his first subclaim of ineffective assistance was not contrary to or an unreasonable application of clearly

established federal law. Cf. Strickland, supra. Accordingly, the claim must likewise be denied here. Williams, 529 U.S. at 412-13.

In his second subclaim, Perry argues that counsel provided ineffective assistance by failing to subpoena Rodney Stukes for trial. However, petitioner fails to proffer the substance of the testimony Stukes would have offered had he been called to testify. In fact, in the memorandum Perry filed in support of his state habeas corpus application, he admitted, "[A]ny proffer of what the testimony of Stukes would have been may be construed as mere speculation at this point ...." Resp. Ex. 6 at 10. Similarly, in this federal proceeding, Perry concedes that "[A]ny proffer of what Stukes[' testimony] would have been may be open to discussion ...." Pet. Brief at 8. In federal jurisprudence, it is well established that a claim of ineffective assistance predicated on a failure to call witnesses fails where affidavits verifying the witnesses' testimony are not provided. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). Here, where Perry has offered no affidavits to demonstrate what favorable evidence or testimony the missing witness would have produced at his trial, the state courts' rejection of his claim of ineffective assistance for failing to call the witness was based on a reasonable determination of the facts, and was not contrary to or an unreasonable application of clearly established federal law. Accordingly, that same result must occur here. Williams, 529 U.S. at 412-13.

In his third subclaim, Perry charges his attorney with providing ineffective assistance by failing to subpoena Crystal Murphy's cell phone records. According to Perry, the records would

8

have undermined Murphy's testimony that Perry called her many times on the day of the crimes, which differed from the testimony of Horace Henry that there were "maybe three" calls, Tr. 2/13/08 at 67, and that of petitioner himself, who asserts there was a single call. Pet. Mem. at 8. However, since Horace Henry positively identified Perry as the person who shot him while he was unarmed, Tr. 2/13/08 at 50 - 52, petitioner cannot show that he suffered prejudice when counsel failed to impeach Murphy on the collateral issue of the number of times he called Murphy that day. Accordingly, the state courts' denial of relief on this claim was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In his fourth subclaim, Perry argues that his counsel erred by failing to protect his right to a speedy trial. Respondent has supplied a copy of the trial court docket which demonstrates that the several continuances were granted which were attributed to the defense. Resp. Ex. 10. Perry argues here only in the most conclusory terms that his right to a speedy trial should have been safeguarded by the trial court "regardless" of these continuances. Pet. Brief at 9. Such an argument falls far short of rebutting the state court's finding that Perry failed to how either error or prejudice in his attorney's performance. Resp. Ex. 7 at 2. Since the state court expressly relied on the controlling authority of Strickland in reaching its determination, and as Perry has made no showing that that conclusion was based on an reasonable determination of the facts, the claim likewise warrants no federal relief. Williams, 529 U.S. at 412-13.

In his fifth subclaim, Perry argues that his attorney provided ineffective assistance by failing to object to prosecutorial misconduct which allegedly occurred when the criminal records

9

of two of its witnesses, Crystal Murphy and Horace Henry, were not provided to the defense. Pet. Brief at 10. However, Perry's supposition that the witnesses' criminal records constituted Brady material is misplaced.[2] "In order for a defendant to establish a Brady violation, he must demonstrate that the undisclosed evidence was exculpatory and material either to the issue of guilt or to the issue of punishment. The mere possibility that 'undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10 (1976). Here, as the witnesses' criminal records were immaterial to the issues of Perry's guilt or punishment, the Commonwealth was under no obligation to provide them to the defense, and Perry's counsel made no error in failing to object on that basis. Therefore, Perry's contrary argument warrants no § 2254 relief.

In his sixth subclaim, Perry contends that his attorney erred by failing to raise a due process objection when the prosecutor cross-examined Perry on whether he had made a statement to the police. However, as the record demonstrates, the prosecutor did not attempt to elicit any response Perry made to the police after he was placed in custodial arrest or after we was given his Miranda warnings. Tr. 2/13/08 at 152. Because "the Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest," Jenkins v. Anderson, 447 U.S. 231, 239 (1980), Perry's due process rights were not violated by the prosecutor's questioning, and his counsel made no error of constitutional dimension in failing to object on that basis. Accordingly, the state court's rejection of this claim may not be disturbed here. Williams, 529 U.S. at 412-13.

---

[2] See Brady v. Maryland, 373 U.S. 83 (1963).

B. Trial Error

In his first subclaim of trial court error, Perry challenges the sufficiency of the evidence to sustain his convictions. When he raised this same argument on direct appeal, the Court of Appeals rejected it on the following holding:

> In his petition for appeal, appellant claims the trial court erred by accepting as credible the Commonwealth's witnesses. He does not argue that the Commonwealth's witnesses, if believed, failed to prove any specific element of any specific charge. Appellant merely contends 'their conflicting stories and lack of specificity raises serious doubts about their validity.'
>
> When addressing the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.' Kelly v. Commonwealth, 41 Va. App250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (citations omitted); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004). A reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)(emphasis in original and citation omitted). We must instead ask whether " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)). ...
>
> \* \* \*
>
> In this case, the court accepted as credible the testimony of Ms. Murphy, Mr. Henry, and Mrs. Dawson, and rejected the testimony of appellant. ... Though the testimony of the Commonwealth's witnesses included inconsistencies, the 'power to segregate a witness's testimony into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance.' Harper v. Commonwealth, 49 Va. App., 517, 523, 642 S.E.2d 779, 782 (2007). Nothing in this record demonstrates that the trial court's resolution of these discrepancies adverse to appellant was plainly wrong or without evidence to support it.

Perry v. Commonwealth, supra, slip op. at 3 - 4.

11

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons which were thoroughly expressed in the Court of Appeals' opinion,[3] it is apparent that a rational trier of fact could have found Perry guilty of the charges he faced. See Jackson, 443 U.S. at 319. Therefore, the state courts' denial of relief on petitioner's challenge to the sufficiency of the evidence was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

In his second claim of trial error, Perry asserts that his rights under the Fifth Amendment were violated when the court erroneously admitted evidence that he had not made a statement to

---

[3] Again, because the Supreme Court of Virginia affirmed the decision of the Court of Appeals without explanation, the Court of Appeals' reasoning is imputed to the Supreme Court. Ylst, 501 U.S. at 803.

the police. On direct appeal, the Court of Appeals rejected this argument for the following reasons:

> Appellant also argues his Fifth Amendment rights were violated when the trial court erred in permitting the prosecution to question his contact with police about the offenses.
>
> 'Taking the stand to testify on the merits in a criminal proceeding is a once-and-for-all waiver of the privilege." Blackman v. Commonwealth, 45 Va. App. 633, 641, 613 S.E.2d 460, 464 (2005) (quoting John L. Costello, Virginia Criminal Law & Procedure § 43.7-3, at 588 (3d ed. 2002)). In other words, a "testifying accused waives his privilege against self-incrimination 'absolutely and in all respects.' " Id. (citation omitted and emphasis in original); see also Code § 19.2-268 (providing that an "accused may be sworn and examined in his own behalf, and if so sworn and examined, he shall be deemed to have waived his privilege of not giving evidence against himself, and shall be subject to cross-examination as any other witness.").
>
> In his petition for appeal, appellant broadens his argument beyond the Fifth Amendment to encompass the due process doctrine announced in Doyle v. Ohio, 426 U.S. 610 (1976). Doyle held that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving Miranda warnings, violate[s] the Due Process Clause of the Fourteenth Amendment.' " Brecht v. Abrahamson, 507 U.S. 619, 628 (1993) (quoting Doyle, 426 U.S. at 619). However, "the Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest, Jenkins v. Anderson, 447 U.S. 231, 239 (1980), or after arrest if no Miranda warnings are given, Fletcher v. Weir, 455 U.S. 603, 606-07 (1982) ( per curiam)." Id. "In the absence of the sort of affirmative assurances embodied in the Miranda warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand." Fletcher, 455 U.S. at 607.
>
> Appellant did not raise a due process objection at trial and, thus, cannot do so for the first time on appeal. See Rule 5A:18. Even if he could, the argument has no merit. No evidence suggests that the prosecutor's questioning of appellant sought to elicit any response he may have made to police interrogation *after* being placed in custodial arrest and *after* being given his Miranda warnings. As a matter of law, therefore, the Doyle due process objection - had it been specifically

> made in the trial court - would have nonetheless been unsuccessful based upon the record before us.
>
> In sum, the trial court did not violate the appellant's Fifth Amendment rights by permitting cross-examination of appellant. Appellant's due process argument in his petition cannot be raised for the first time on appeal and has no merit in any event.

Perry v. Commonwealth, supra, slip op. at 5 - 6.

The record reveals that Perry was fully aware that he would waive his Fifth Amendment rights if he chose to testify in his own defense. Before Perry testified, the following colloquy with defense counsel occurred:

> DEFENSE COUNSEL: Have I also explained to you that if you testify, that you will be cross-examined by the Commonwealth's attorney?
>
> PERRY: Yes, sir.
>
> DEFENSE COUNSEL: Have I also explained to you that you don't have the choice of answering certain questions and not answering other questions?
>
> PERRY: Yes, sir.
>
> Tr. 2/13/08 at 133.

During cross-examination, the following exchange occurred:

> PROSECUTOR: Were you contacted by the police shortly after this incident?
>
> PERRY: Yes, they sent a letter.
>
> PROSECUTOR: And did you talk with them about what happened?
>
> DEFENSE COUNSEL: Judge, I think he has a Fifth Amendment privilege not to do that. So I would object.
>
> THE COURT: I think she can ask.

14

> DEFENSE COUNSEL: I disagree. I don't think she can ask the question.
>
> THE COURT: He's the one that took the witness stand. He's waived his Fifth Amendment rights.
>
> PROSECUTOR: Did you talk to the police about what happened that night?
>
> PERRY: No.
>
> Tr. 2/13/08 at 152.

It is well settled in federal jurisprudence that a defendant who testifies waives his Fifth Amendment privilege in all areas subject to proper cross examination. Brown v. United States, 356 U.S. 148, 154 - 56 (1958). Since it is apparent that petitioner was well aware that choosing to testify would result in such a waiver, the decision of the Court of Appeals of Virginia that Perry's Fifth Amendment rights were not violated during cross examination was both factually reasonable and in accord with clearly established federal law. Accordingly, that same result must pertain here. Williams, 529 U.S. at 412-13.

As he did in the state courts, Perry tries to interject a Due Process issue into his claim. Pet. Brief at 15 - 16. However, the Court of Appeals of Virginia declined to entertain that argument, finding that it had not been preserved in the trial court and hence was defaulted pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia. Such an express finding of procedural default by a state court is entitled to a presumption of correctness provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief.

Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Both of the Harris requirements appear to be met by the Virginia court's express holding that the due process claim Perry raises here was defaulted in the state forum. As Perry made no attempt to show cause and prejudice after the respondent invoked the procedural bar defense, Resp. at 17, his due process argument is procedurally defaulted from federal consideration on the merits. Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal).

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 19th day of JAN, 2012.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge